## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **OHIO NATIONAL LIFE ASSURANCE CORPORATION,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | **Case No. 1:23-cv-1637** |
| **ALISA J. ZACCARDELLI, GINO R. ZACCARDELLI, RICHARD E. HABERKORN, MOLLY S. HABERKORN, R.H., a minor by his guardian ad litem, and ABM FUNDING, INC.,** | ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## OHIO NATIONAL LIFE ASSURANCE CORPORATION'S
## COMPLAINT FOR INTERPLEADER

Plaintiff Ohio National Life Assurance Corporation ("ONLAC"), by its attorney, Julie F. Wall of Chittenden, Murday & Novotny, LLC, states as follows for its Complaint for Interpleader:

### Parties

1.    ONLAC is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Cincinnati, Ohio. ONLAC is a citizen of the State of Ohio pursuant to 28 U.S.C. § 1332(c)(1).

2.    Alisa J. Zaccardelli ("Alisa") resides in and is domiciled in North Royalton, Ohio, and is a citizen of the State of Ohio.

3.    Gino R. Zaccardelli ("Gino") resides in and is domiciled in North Royalton, Ohio, and is a citizen of the State of Ohio.

4.      Richard E. Haberkorn ("Ricky") resides in and is domiciled in North Royalton, Ohio, and is a citizen of the State of Ohio.

5.      Molly S. Haberkorn ("Molly") resides in and is domiciled in Bratenahl, Ohio, and is a citizen of the State of Ohio.

6.      Minor Defendant R.H. ("R.H.") resides in and is domiciled in North Royalton, Ohio, and is a citizen of the State of Ohio.

7.      ABM Funding, Inc. ("ABM Funding") is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business in Martinsville, Virginia. ABM Funding, Inc. is a citizen of the State of Virginia pursuant to 28 U.S.C. § 1332(c)(1), and is not a citizen of the State of Ohio.

## Jurisdiction and Venue

8.      This is an action in interpleader brought pursuant to 28 U.S.C. §§ 1335, 1397, and 2361 concerning the rights and obligations of the parties pursuant to a life insurance policy, designated Policy No. C6843099, issued by Ohio National Life Assurance Corporation to Richard J. Haberkorn, on the life of Richard J. Haberkorn, with a $500,000.00 Face Amount and $250,000.00 Term Rider, for a total amount of insurance coverage of $750,000.00.

9.      The Court has jurisdiction over this matter under 28 U.S.C. § 1335 because there is diversity of citizenship between two or more of the Defendants and the value of the death benefit of the life insurance policy at issue exceeds the sum of $500.00.

10.      Venue is proper in this Judicial District under 28 U.S.C. § 1391 in that this is a civil action, one or more of the claimants reside in this Judicial District, and a substantial part of

the events or omissions giving rise to ONLAC's claim occurred in this Judicial District. *See* 28 U.S.C. §§ 1391 and 1397.

## Factual Background

11.     Richard J. Haberkorn ("Richard") completed an application for a life insurance policy with ONLAC, signed by Richard and dated November 5, 2007. *See* the Application for Insurance, a redacted copy of which is attached hereto and incorporated herein as Exhibit 1.

12.     Although the application for life insurance stated that Reline, Inc. would be the sole primary beneficiary to the insurance policy (Exhibit 1, p. 43), the primary beneficiary was changed to Richard E. Haberkorn, Son, on the Amendment to the Policy. *See* Policy Amendment, Exhibit 1, p. 38.

13.     On December 1, 2007, ONLAC issued a Flexible Premium Adjustable Life Insurance Policy, Policy No. C6843099 to Richard as owner and insured, with a $500,000.00 Face Amount and $250,000.00 Term Rider (the "Policy"). *See* the Policy, a redacted copy of which is attached hereto and incorporated herein as Exhibit 1.

14.     At the time the Policy was issued, Richard E. Haberkorn, Son, was the designated sole primary beneficiary. *See* Exhibit 1, p. 38.

15.     In relevant part, the Policy states "[ONLAC] will pay the death proceeds to the beneficiary after we receive due proof that the insured died while this contract was inforce." *See* Exhibit 1, p. 2.

16.     The Policy further provides:

**Assignment**
You may assign your rights under this contract as security for a loan or debt. We are not bound by an assignment unless we receive notice of it. The person to whom you assign

your rights has a first claim on proceeds ahead of you and your beneficiaries except for irrevocable beneficiaries named prior to the assignment.

**Beneficiary**
You may name beneficiaries in the application or by notice to us. Unless otherwise provided in the application or in a later writing, beneficiary designations are revocable and the owner may change them at any time. […]

Beneficiaries have rights in the order named. Contingent beneficiaries will only receive proceeds if no prior beneficiary survives you. […]

Exhibit 1, p. 19.

17.    ONLAC received a beneficiary change form signed by Richard and dated November 4, 2014, which sought to change the primary beneficiaries to the Policy as follows:

a) Richard E. Haberkorn, Son, $400,000.00;

b) Alisa J. Zaccardelli, Daughter, $200,000.00;

c) Molly S. Haberkorn, Granddaughter, $50,000.00;

d) Gino R. Zaccardelli, Grandson, $50,000.00; and

e) R.H., Grandson, $50,000.00.

*See* November 4, 2014 Beneficiary Change Form, a redacted copy of which is attached hereto and incorporated herein as Exhibit 2.

18.    The beneficiary change requested in the November 4, 2014 Beneficiary Change Form was recorded and incorporated into the Policy, effective November 20, 2014. *See* November 20, 2014 Endorsement, a true and correct copy of which is attached hereto and incorporated herein as Exhibit 3.

19.    Because the November 4, 2014 Beneficiary Change Form included the addition of a minor child as one of the primary beneficiaries, ONLAC issued a letter dated November 20, 2014 to Richard, which provided as follows:

> The minor(s) named in your beneficiary designation, if still minors at the death of the insured, will need to have a court appointed guardian assigned before we could provide them any death benefit due. You may want to designate a Uniform Transfers to Minors Act (UTMA) or Uniform Gifts to Minors Act (UGMA) account and custodian for each minor beneficiary to avoid the necessity of a court appointed guardian.

*See* November 20, 2014 Guardian Ad Litem Appointment Notification, a true and correct copy of which is attached hereto and incorporated herein as Exhibit 4.

20.    Upon information and belief, Richard did not assign a UTMA or UGMA account and custodian for R.H.

21.    ONLAC received a beneficiary change form signed by Richard and dated December 19, 2019, which sought to change the Policy beneficiaries, designating Alisa J. Zaccardelli, Daughter, as primary beneficiary with Designated Amount 100% of the Policy, and designating Gino R. Zaccardelli, Grandson, as contingent beneficiary with Designated Amount 100% of the Policy. *See* December 19, 2019 Designation of Beneficiary, a redacted copy of which is attached hereto and incorporated herein as Exhibit 1, pp. 34-37.

22.    The beneficiary change reflected in the December 19, 2019 Beneficiary Change Form was recorded and incorporated into the Policy, effective December 19, 2019. *See* December 19, 2019 Endorsement, a true and correct copy of which is attached hereto and incorporated herein as Exhibit 5, pp. 34-37.

23.    Richard died on May 6, 2023. *See* Richard J. Haberkorn Certificate of Death, a redacted copy of which is attached hereto and incorporated herein as Exhibit 6.

24.    ONLAC received a document reflecting it was signed by Alisa and notarized on May 31, 2023, assigning $9,214.54 of the Policy proceeds to Busch Funeral Home. Busch Funeral Home then reassigned the rights to $9,214.54 of the Policy proceeds to ABM Funding in

the same document, with the re-assignment signed by Busch Funeral Home's director and notarized on June 6, 2023. See Assignment, a redacted copy of which is attached hereto and incorporated herein as <u>Exhibit 7</u>.

25.     ONLAC received a death claim form from Alisa dated June 22, 2023, claiming the Policy's proceeds. *See* Alisa's Death Claim Form, a redacted copy of which is attached hereto and incorporated herein as <u>Exhibit 8</u>.

26.     On June 22, 2023, ONLAC received an email from Ricky that stated, in relevant part, "In regards to Policy #C6843099, please be advised that any changes to that policy after July 28, 2019 was on the basis that the descendent [sic] was incompetent and was under duress and unduly influenced by any subsequent beneficiary. Thus, I contest any changes to Policy #C6843099, after July 28, 2019 as the changes were fraudulently done." *See* Ricky's June 22, 2023 Email to ONLAC, a redacted copy of which is attached hereto and incorporated herein as <u>Exhibit 9</u>.

27.     ONLAC has competing claims to the Policy's proceeds.

28.     If Richard was in fact incompetent, under duress, and/or unduly influenced to make changes to his Policy after July 28, 2019, this could void the December 19, 2019 beneficiary change naming Alisa as the primary beneficiary. If the December 19, 2019 beneficiary change were deemed void, then the prior November 2014 beneficiary designation could be deemed to be in effect and Alisa, Gino, Ricky, Molly, and R.H. could all be entitled to a portion of the Policy's proceeds.

29.     Further, ABM Funding's claim to a portion of the Policy's proceeds, via an Assignment from Alisa, must also be evaluated.

30.     The claims and potential claims of Defendants Alisa, Gino, Ricky, Molly, R.H., and ABM Funding to all or part of the Policy's proceeds are adverse to and in conflict with each other.

31.     By reason of these actual and potential adverse and conflicting claims, ONLAC is unable to discharge its admitted liability under the Policy without exposing itself to multiple litigation, liability, or both.

32.     ONLAC is indifferent as to which of the Defendants is entitled to receive the Policy's proceeds but is only interested in paying and discharging its admitted liability under the Policy once; however, ONLAC has been unable to do so by reason of the actual and potential adverse and conflicting claims of the Defendants and thus files this Complaint for Interpleader.

33.     Contemporaneous with the filing of this Complaint for Interpleader, ONLAC will bring a motion for leave to deposit with the Clerk of the Court its admitted liability under the Policy, and a motion for this Court to appoint a guardian *ad litem* to represent minor Defendant R.H.'s interests in this litigation.

**WHEREFORE**, Ohio National Life Assurance Corporation prays that this Honorable Court enter an order or orders as follows:

A.     Granting Ohio National Life Assurance Corporation leave to deposit the proceeds of Policy No. C6843099 with this Honorable Court, or with the Clerk of this Court, at the Court's direction, *nunc pro tunc* to the date this Complaint for Interpleader was filed, subject to further Order of this Court;

B.     Enjoining Defendants Alisa J. Zaccardelli, Gino R. Zaccardelli, Richard E. Haberkorn, Molly S. Haberkorn, R.H., a minor, by his guardian *ad litem*, and

ABM Funding, Inc., during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against Ohio National Life Assurance Corporation and/or its agents in any state or federal court or other forum with respect to Policy No. C6843099, the proceeds of Policy No. C6843099, or on account of the death of Richard J. Haberkorn, the insured, and that said injunction issue without bond or surety;

C.   Granting judgment to Ohio National Life Assurance Corporation with the finding that it has no further liability to Defendants Alisa J. Zaccardelli, Gino R. Zaccardelli, Richard E. Haberkorn, Molly S. Haberkorn, R.H., a minor, by his guardian *ad litem*, and ABM Funding, Inc., or to any person or entity claiming through them, for Policy No. C6843099, the proceeds of Policy No. C6843099, or on account of the death of Richard J. Haberkorn;

D.   Entering an Order finding that Ohio National Life Assurance Corporation has acted in good faith by interpleading the proceeds of Policy No. C6843099 and its admitted liability with the Clerk of the Court;

E.   Entering judgment in favor of Ohio National Life Assurance Corporation, and against Defendants Alisa J. Zaccardelli, Gino R. Zaccardelli, Richard E. Haberkorn, Molly S. Haberkorn, R.H., a minor, by his guardian *ad litem*, and ABM Funding, Inc., and any person or entity claiming through them, on its Complaint for Interpleader with an express finding of finality pursuant to Fed. R. Civ. P. 54(b);

F.      Excusing and dismissing Ohio National Life Assurance Corporation from further attendance on this cause with prejudice and ordering the adverse and potentially adverse claimants, Defendants Alisa J. Zaccardelli, Gino R. Zaccardelli, Richard E. Haberkorn, Molly S. Haberkorn, R.H., a minor, by his guardian *ad litem*, and ABM Funding, Inc., to litigate their claims and contentions to Policy No. C6843099 and its proceeds without further involving Ohio National Life Assurance Corporation;

G.      Awarding Ohio National Life Assurance Corporation its actual court costs and attorneys' fees incurred in connection with prosecuting this Complaint for Interpleader, with such fees and costs to be deducted from the amount deposited with the Court or to its Clerk; and

H.      Granting Ohio National Life Assurance Corporation such further and other relief as this Court deems just and appropriate.

Dated: August 23, 2023

Respectfully submitted,

OHIO NATIONAL LIFE ASSURANCE CORPORATION


By:  s/ *Julie F. Wall*
        One of Its Attorneys

Julie F. Wall
CHITTENDEN, MURDAY & NOVOTNY, LLC
303 W. Madison Street, Suite 2400
Chicago, IL 60606
T: 312-281-3600
F: 312-281-3678
jwall@cmn-law.com